## Case No. 9,680.

### The M. M. CALEB.

[4 Ben. 15.] [1]

District Court, E. D. New York. Jan., 1870.

DAMAGES—MARITIME TORT—TOW-BOAT AND TOW.

1. Where a tug was employed to take a schooner out of a slip from alongside another vessel, and the men on the schooner gave no directions as to the mode or time of taking her out, and, in taking her out, her stay caught the yard-arm of the other vessel, and her topmast was carried away: *Held*, that the tug was bound to adopt a method of taking the schooner out without injury.

2. The method selected was manifestly hazardous, and the tug was liable for the damages occasioned by her want of success.

[Cited in The Merrimac, Case No. 9,478.]

In admiralty.

BENEDICT, District Judge. This action is brought to recover the damages caused to

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the schooner Edward Reed by reason of her topmast rigging catching the yard-arm of the steamer England, while she was being towed from alongside that steamer by the steam tug M. M. Caleb.

The steamer was lying upon the north side of pier 47, nearly up to the bulkhead, and the schooner was lying alongside, bow in, and nearly up to an elevator which was lying at the bulkhead.

The wind was blowing heavily from the N. W., the tide was ebb, and slack in the slip. The tug, as it appears, undertook to transport the schooner from the position above described to a position on the lower side of the pier, and for that purpose made fast a line to the schooner's bow, which was carried aft on the schooner, and held by a slip at the larboard quarter. The tug then started the schooner astern by the hawser, but as the schooner moved aft, her stay caught in the yardarm of the steamer, and, before she could be stopped, the topmast was carried away and other damage done to the rigging.

The evidence does not show that any action of the schooner contributed to the accident; the men on board of her gave no directions as to the mode of fastening or as to the mode or time of taking the schooner out. All this was determined on by those on the tug, who saw the position of the schooner, and were bound to select a method of taking her from the side of the steamer without injury.

The method selected of taking her out by a stern line was manifestly attended with risk of carrying away the masts, if the schooner swung at all, as she was quite certain to do under the action of the tug.

Having adopted a hazardous method of performing the duty, the tug must be held responsible for the damages arising from the failure of success. Proper care on her part, would, in my opinion, have enabled her to remove the schooner in safety, heavy as the wind was.

Let the decree be for the libellants, with a reference to ascertain the amount.